**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

JOE EDDIE MACLIN,

   **Plaintiff,**

v.                No. 2:10-cv-02468-cgc

TIPTON COUNTY, TENNESSEE,
J.T. "PONCHO" CHUMLEY,
CAPTAIN MITCHELL, and
LIEUTENANT OTT,

   **Defendants.**

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Tipton County, Tennessee ("Tipton County"), J.T. "Poncho" Chumley ("Chumley"), Captain Mitchell ("Mitchell"), and Lieutenant Ott's ("Ott") (collectively "Defendants") Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants assert that Plaintiff Joe Eddie Maclin's ("Plaintiff" or "Maclin") Complaint was filed after the expiration of the one-year statute of limitations governing his claims. Plaintiff responded that his Complaint was timely filed. Defendants subsequently filed a Notice of Filing Video Exhibit and a Reply with further support for the Motion. For the reasons set forth herein, Defendants' Motion is hereby GRANTED.

### I. Introduction

On June 18, 2010, Plaintiff filed a Complaint against Defendants for injuries sustained while Maclin was incarcerated at the Tipton County Jail. Plaintiff alleges that the injuries occurred as a

result of a fight with two other inmates—Shelton Walker ("Walker") and Derrick Gilliam ("Gilliam"). Plaintiff asserts that Mitchell and Ott forced him to "wear a wire to obtain surveillance" of Walker and Gilliam and then disclosed this fact to Walker and Gilliam so that they "could exact their revenge upon Maclin by injuring him while in the cell." Plaintiff's Complaint asserts violations of 42 U.S.C. § 1983, 42 U.S.C. § 1988, Tennessee Code Annotated Section 29-20-101, *et seq.*, and Tennessee Code Annotated Section 8-8-302. Plaintiff's Complaint lists the date of Plaintiff's injury as June 18, 2009.

On September 20, 2010, Defendants filed the instant Motion. Defendants' Motion contends that Plaintiff misstated the date of the incident giving rise to his claims and that the actual date of his altercation was June 16, 2009. Defendants argue that all of Plaintiffs claims are covered by a one-year statute of limitations under Tennessee Code Annotated Section 28-3-104. Thus, Defendants assert that Plaintiff's claims were not timely filed.[1]

In support of their Motion, Defendants filed three exhibits. First, Defendants filed the Declaration of Sergeant Rita Brown ("Brown") of the Tipton County Sheriff's Department, which is accompanied by her Incident Report of Maclin's altercation. Brown's Declaration states that she was on duty at the Tipton County Jail on June 16, 2009, that she was called to assist Maclin on that date following an incident that resulted in an injury to his right ankle, and that she completed her Incident Report on June 16, 2009 setting forth what transpired. Brown's Declaration states that the attached report, which lists the injury date as June 16, 2009, is a true and correct copy of her Incident Report.

---

[1] Plaintiff does not dispute either that a one-year statute of limitations applies to all of his claims or that he failed to plead any facts alleging the tolling of the statute.

Next, Defendants filed a Tipton County General Sessions Warrant and Judgment for Maclin. This document includes hand-written notations that read as follows: "6/17/09—Def to be released from jail. BALANCE of service suspended." Additional hand-written notations accompany this portion of the document and appear to provide instructions for "upon release," although they are not legible to the Court.

Finally, Defendants filed the Declaration of Correctional Officer Brandon Whitley ("Whitley") of the Tipton County Sheriff's Department, which is accompanied by an Inmate Medical Form of Maclin. Whitley's Declaration states that on September 14, 2009, he booked Maclin back into the Tipton County Jail on new charges and that, as part of the booking process, Maclin was required to provide certain information and sign an Inmate Medical Form. Whitley states that, during this process, Maclin indicated that he had broken his right ankle on June 16, 2009. Whitley affirmed that the Inmate Medical Form is a true and accurate statement of the medical information provided by Maclin and that the attached document is a true and correct copy of the Inmate Medical Form.

On November 9, 2010,[2] Plaintiff responded to Defendants' Motion by reaffirming that the injury occurred on June 18, 2009. In support of the Response, Plaintiff filed his own affidavit ("Affidavit"), which states that he was "attacked and injured" by inmates Walker and Gilliam on June 18, 2009, that the signature on the Inmate Medical Form is not his signature, and that the Incident Report completed by Brown is "inaccurate regarding the date of the incident." Thus, Defendant's Response argues that he has "submitted proof that the injury occurred on June 18,

---

[2] Plaintiff had properly requested and obtained an extension to file his Response to Defendants' Motion on or before November 9, 2010.

3

2009" and that Defendants Motion should be denied.[3]

On November 24, 2010, Defendants' filed a Notice of Filing Video, which stated that the videotape exhibit ("Videotape") was to be considered in support of their Motion. On November 30, 2010, Defendants filed a Reply in support of their Motion. In their Reply, Defendants relied upon the previously filed Videotape and three newly filed exhibits. First, Defendants filed the Declaration of William Daughtrey ("Daughtrey"), the Chief Deputy of the Tipton County Sheriff's Department. Daughtrey's Declaration stated that the inmate pods at the Tipton County Jail are recorded on video, that the video is stored on a hard drive at the Tipton County Jail, and that the "filename automatically assigned by the video computer system is in the following format: (year)(month)(day)(hour)(minute)(second)(camera number)."[4] Daughtrey states that the Videotape begins with the filename of 20090616200014005, which indicates that it begins on June 16, 2009[5] at 20:00:14 and is being recorded by camera number 005. Daughtrey states that Maclin "is seen on the video on the bottom left corner of the screen" at 8:45:23 p.m. on June 16, 2009 and can be identified as the inmate "wearing only his undershirt, and later no shirt." Daughtrey states that the

---

[3] A nonmoving party may demonstrate a genuine issue of material fact for purposes of Rule 56 by filing an affidavit from the plaintiff, see, e.g., Dixon v. Donald, 291 Fed. Appx. 759, 762 n.1 (6th Cir. 2008), so long as the plaintiff's affidavit does not contradict earlier deposition testimony, see Penny v. United Parcel Service, 128 F.3d 408, 415 (6th Cir. 1997) (citing Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986)).

[4] To clarify, the assigned filename does not appear on the Videotape image, but instead is merely the name of the digital files where the Videotape images are saved electronically.

[5] Daughtrey's Declaration appears to contain a typographical error regarding the date. While the Declaration states that the filename begins with 2009, which he states represents the year of the video's creation, the Declaration then states that this would indicate that the video begins on "June 16, 2006." (Daughtrey Decl. ¶5). Because neither Plaintiff nor Defendants argue that any incident happened in 2006, because the Videotape and the Declaration list the filename as beginning with 2009, and because the remaining portions of the Declaration state that the Videotape occurred on June 16, 2009, (see Daughtrey Decl. ¶¶ 6-8), the Court will presume that this is an inadvertent error in the Daughtrey Declaration.

filename indicates that correctional officers are seen on the video at 20:48:23 on June 16, 2009 and that emergency medical attendants are caring for Maclin, who is lying out of the view of the camera, at 21:00:05 on June 16, 2009. Daughtrey states that the video is a true, accurate and correct copy of the video of the Tipton County Jail on June 16, 2009 between 8:00 and 9:30 p.m.

In addition to Daughtrey's Declaration, two further exhibits were attached. First, an Inmate Charge History for Maclin, which states that Maclin was in the Tipton County Jail from February 11, 2009 until June 17, 2009 and was not incarcerated there again until September 14, 2009. Next, a Facility Jail Roster for June 18, 2009, which lists all individuals who were being held in the Tipton County Jail on that date. Daughtrey asserts, and the Court's review confirms, that Maclin's name is not listed on the Facility Jail Roster for June 18, 2009.

**II. Analysis**

The sole question presented in Defendants' Motion is whether a genuine issue of material fact exists as to whether Plaintiff's claims were filed beyond the applicable statute of limitations. Defendants argue that any dispute in this case cannot be deemed "genuine." Defendants rely upon Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), which states that, "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. Furthermore, Defendants contend that there is no appropriate issue for trial unless there is sufficient evidence for a jury to return a verdict for Plaintiff. Id. at 252. Thus, if the evidence is "merely colorable," is a "mere scintilla," or is not "significantly probative," summary judgment must be granted. Id.

Additionally, Defendants rely upon the Supreme Court's decision in Scott v. Harris, 550 U.S.

5

372 (2007), for their position that no genuine issue of material fact exists upon the submission of

a videotape exhibit clearly setting forth the facts.  In <u>Scott</u>, the Supreme Court considered whether

summary judgment was appropriate in a case where the parties' versions of events differed

"substantially." <u>Id.</u> at 378.[6]  Although the Court recognized that the trial court must generally view

the facts and draw reasonable inferences in the light most favorable to the party opposing summary

judgment, the Court noted that the "existence in the record of a videotape capturing the events in

question" provided an "added wrinkle in this case." <u>Id.</u>  The Court noted that there were "no

allegations or indications that this videotape was doctored or altered in any way, nor any contention

that what it depicts is different than what actually happened." <u>Id.</u>  Given the blatant contradiction

between the videotape exhibit and the opponent's version of events, the Supreme Court emphasized

that "facts must be viewed in the light most favorable to the nonmoving party only if there is a

'genuine' dispute as to those facts." <u>Id.</u> at 380 (citing Fed. R. Civ. P. 56(c)).  Ultimately, the <u>Scott</u>

court concluded that, "[w]hen opposing parties tell two different stories, one of which is blatantly

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

version of the facts for purposes of ruling on a motion for summary judgment." <u>Id.</u> at 380.

Otherwise stated, when the nonmoving party's "version of events is so utterly discredited by the

_____

⁶ In <u>Scott</u>, the case involved a high-speed police chase that ended with a law enforcement officer intentionally hitting the suspect's vehicle in his attempt to end the pursuit, which severely injured the suspect and rendered him a quadriplegic. <u>Id.</u> at 374-75.  The United States District Court for the Northern District of Georgia considered the facts in the light most favorable to the opponent of summary judgment and denied summary judgment, which the United States Court of Appeals for the Eleventh Circuit affirmed. <u>Id.</u> at 376.  However, the Supreme Court concluded that the videotape contradicted the opponent's recitation of the facts so substantially that it gave "the impression that respondent, rather than fleeing from police, was attempting to pass his driving test." <u>Id.</u> at 378-379.  The Supreme Court stated that the videotape yielded "quite a different story" which "more closely resembles a Hollywood-style car chase of the most frightening sort, placing police officers and innocent bystanders alike at great risk of serious injury." <u>Id.</u> at 380.

record that no reasonable jury could have believed him," a trial court should not rely "on such a visible fiction" but should view "the facts in the light depicted by the videotape." Id. at 380-81.

In his Response, Plaintiff contends that summary judgment is not appropriate in the instant case based upon the United States Court of Appeals for the Sixth Circuit's decision in Schreiber v. Moe, 2010 WL 724021 (6th Cir. Mar. 4, 2010), which Plaintiff argues "restated the principal that the existence of a material issue of fact proscribes the grant of summary judgment." Plaintiff asserts that Maclin's Affidavit "establishes the existence of a material fact with regards to the date he was injured."

Upon review of the record in the instant case, the Court finds that the present question has notable similarities to the issue raised in Scott, as videotape evidence in the record appears to blatantly contradict Plaintiff's Affidavit. Further, as was the case in Scott, there are no allegations or indications that this Videotape was doctored or altered; instead, Maclin only generally refutes the date of the incident with his affirmation that it occurred on June 18, 2009. Even so, this case is not entirely analogous to the Scott case. Notably, Defendants do not intend to rely upon the visual material displayed by the Videotape in order to show that no genuine issue of material fact exists, but instead they rely upon the automatically generated filename reflecting the date of the Videotape. Additionally, unlike in Scott, Maclin does raise a "contention that what it depicts differs from what actually happened." See id. Namely, Maclin argues that the date of the incident was June 18, 2009 rather than June 16, 2009.

Ultimately, the Court finds that the Scott decision is distinguishable from the instant case. In Scott, the parties agreed as to what transpired, but the law enforcement officers' arguments focused on the dangerous nature of the suspects action in their narrative, while the suspect's

arguments focused primarily on what he did properly during the pursuit and what he did not do that could have made the situation more unsafe. Thus, <u>Scott</u> was a case where one side offered such a skewed version of the facts that, while technically true, did not present the entire story in a remotely correct fashion given the videotape evidence. <u>Id.</u> at 380.

Here, the Court is not considering whether the record—and most notably, the videotape—contradicts one party's skewed or incomplete version of the events. Otherwise stated, this is not a case where one party's interpretation of the facts is undeniably ungrounded in reality; it is a case where two parties present two distinct versions of events. Defendants present evidence that the incident involving Maclin's injury occurred on June 16, 2009. Maclin presents his Affidavit that the event occurred on June 18, 2009. Thus, the Court's holding in <u>Scott</u> regarding the use of videotape evidence to negate a genuine issue of material fact does not dictate the result here.

Additionally, the dispute presented in this case is undoubtedly material because the date of the event is essential to the determination of whether or not Maclin's claims are time-barred by the statute of limitations. <u>See</u> <u>Anderson</u>, 477 U.S. at 248 (concluding that "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). However, the critical issue presented in this case is whether the dispute is genuine.

To raise a genuine issue of fact, a party may not rest upon the mere allegations or denials of his pleading, <u>Anderson</u>, 477 U.S. at 248 (quoting Fed. R. Civ. P. 56(e)), but must present "significant probative evidence tending to support the complaint," <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 288 (1968). Otherwise stated, the Supreme Court requires more than bare allegations, recitations of the pleadings, or speculation:

8

> Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a *scintilla* of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.

Anderson, 477 U.S. at 251 (citations and footnotes omitted). A genuine issue does not require that the evidence is "resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Cities Services, 391 U.S. at 290. Ultimately, if no genuine issue of material fact is raised by the nonmoving party, the Court must not view the facts in the light most favorable to the nonmoving party, and summary judgment must be granted. Scott, 550 U.S. at 380.

In the instant case, Defendants have produced the Brown Declaration with the Incident Report, the Whitley Declaration with the Inmate Medical Form, and the Daughtrey Declaration with the Videotape to establish that the date of the incident occurred on June 16, 2009. In the face of this evidence, Maclin presents only bare allegations to refute Defendants proof—a two-page Affidavit that cursorily states that the injury occurred on June 18, 2009, that the signature on the Inmate Medical Form is not his, and that the Incident Report is inaccurate. No further evidence or facts supporting these allegations are provided. Although the Court considers an affidavit filed by a plaintiff as sound evidence that could refute a proper motion for summary judgment, the substance of this Affidavit is minimal at best and in essence merely restates his allegations in the Complaint regarding the date of the injury.

However, even if the Court were to find that Maclin had created a genuine issue of material fact by his assertion that the event occurred June 18, 2009 and that the Incident Report and Inmate Medical Report were inaccurate, Maclin fails to present any evidence to refute the most compelling evidence presented by Defendants—namely, that Maclin was not incarcerated at the Tipton County Jail on June 18, 2009 when he claimed the injury inflicted by his cellmates at the facility occurred. Defendants present extensive evidence supporting their position that Maclin was not in custody on this date. First, Defendants presented a Tipton County General Sessions Warrant and Judgment that reads, "6/17/09—Def to be released from jail. BALANCE of service suspended."[7] Next, Defendants presented Maclin's Inmate Charge History, which reflects that he was released from incarceration on four offenses on June 17, 2009 and was not again incarcerated at the facility until September 14, 2009. Finally, Defendants presented the Facility Jail Roster for June 18, 2009, on which Maclin's name is not listed as an inmate. Maclin's silence in the face of such overwhelming evidence that he was not incarcerated on June 18, 2009 requires the conclusion that any purported issue of material fact cannot be considered as genuine. As such, when no genuine issue of fact is presented, the Court may not view the evidence in the light most favorable to the nonmoving party. Scott, 550 U.S. at 380. Accordingly, the Court finds that this is a case where the evidence is "so one-sided that one party must prevail as a matter of law" and that no reasonable jury has sufficient

---

[7] As previously noted, additional hand-written notes accompany this portion of the Tipton County General Sessions Warrant and Judgment, which appear to provide instructions for "upon release." If this had been the only document evidencing Defendant's release on June 17, 2009, the Court would have had much greater concern regarding what illegible information accompanied that notation. However, because three documents list Maclin's release date as June 17, 2009 and because the notation "6/17/09–Def to be released from jail" is abundantly clear, the Court finds the legible information on the Tipton County General Sessions Warrant and Judgment to be reliable. Further, had Plaintiff wished to contest this document, which was filed with the initial Motion, Plaintiff could have filed any evidence as appropriate to evidence the dispute. However, Plaintiff Response failed to address Defendants' contention that he was not incarcerated on June 18, 2009.

evidence to conclude otherwise.  See <u>Anderson</u>, 477 U.S. at 250-52.

Finally, the Court's conclusion that no genuine issue of fact exists is not affected by <u>Schreiber</u>, the sole authority presented by Plaintiff.  Plaintiff's Response argues that <u>Schreiber</u> "restated the fundamental principle that the existence of material issues of fact proscribes the grant of summary judgment."  Plaintiff does not further expound upon this argument other than to state that the "proof set forth by Maclin [in] the form of an affidavit establishes the existence of a material fact with regards to the date he was injured precluding summary judgment."  Upon review of <u>Schreiber</u>, the Sixth Circuit's opinion does not discuss in depth the summary judgment standard or its application.  Instead, the <u>Schreiber</u> court only generally restates that summary judgment requires a "'genuine'" issue of material fact and that only when the nonmoving party presents direct evidence refuting the moving party's motion for summary judgment must the court accept that evidence as true.  <u>Schreiber</u>, 596 F.3d at 333.  Thus, rather than providing support for a denial of summary judgment, the <u>Schreiber</u> decision reiterates the same standard which this Court has applied to find that summary judgment is proper based upon the lack of evidence of a genuine issue of fact.  Accordingly, for the reasons set forth herein, Defendants' Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED** this 14th day of January, 2010.

<u>s/ Charmiane G. Claxton</u><br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE